UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM E. DAVIS, JR.,<br>    Plaintiff,<br><br>v.<br><br>PRICE-RITE<br>    Defendant. | No. 3:16-cv-278 (MPS) |

## ORDER

On February 22, 2016, William E. Davis, Jr. filed a Complaint against the Commission on Human Rights and Opportunities, the Equal Employment Opportunities Commission, and Price-Rite. (ECF No. 1.) In an Initial Review Order, the Court dismissed the plaintiff's claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and Title VII. (ECF No. 6.) The plaintiff filed an Amended Complaint to assert a claim under the Age Discrimination in Employment Act arising out of Price-Rite's termination of his employment on March 18, 2010. (ECF No. 10 at 1–2.) For the reasons discussed below, the Court dismisses the Amended Complaint because the plaintiff's claim is not timely.

If, as here, a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).  A plaintiff has ninety days to bring a civil action after receiving notice of the plaintiff's right to sue from the Equal Employment Opportunity Commission. 29 U.S.C. § 626(e). "There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice." *Friedman v. Swiss Re America Holding Corp.*, 512 F. App'x 94, 96 (2d Cir. 2013) (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)). "There is a further presumption that a mailed document is received three days after its mailing." *Id.*

"It goes without saying that statutes of limitations often make it impossible to enforce what [may be] otherwise perfectly valid claims." *U. S. v. Kubrick*, 444 U.S. 111, 125 (1979). "These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *Id.* at 117 (citations omitted).

The plaintiff alleges that he filed his claim with the Equal Employment Opportunity Commission. (ECF No. 10 at 4.) The plaintiff attached to his initial complaint a letter from the Equal Employment Opportunity Commission dated January 30, 2015 giving the plaintiff notice of his right to sue. (ECF No. 1-1 at 31.) The plaintiff has not alleged the date on which he received the notice from the Equal Employment Opportunity Commission. The Court presumes that the plaintiff received the notice letter, which was dated January 30, 2015, on February 2, 2015. *Friedman*, 512 F. App'x at 96. Therefore, the plaintiff's deadline to sue passed well before this suit was filed—over a year later—on February 22, 2016.  29 U.S.C. § 626(e).

For the reasons discussed above, the Court DISMISSES the [10] Amended Complaint. The Clerk is directed to close this case.

IT IS SO ORDERED.

 /s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut

July 13, 2016

2